IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN THE MATTER OF:

FRANCISCO GUADALUPE RIVERA           CASE NO. 99-11078 ESL

                                      CHAPTER 13
        Debtor

                                      ADVERSARY NO. 99-0131
FRANCISCO GUADALUPE RIVERA

        Plaintiff

MIGUEL A. VERDIALES, ESQ., ASUME     **FILED & ENTERED**
ADMINISTRATOR; et als.
                                      OCT 0 6 2000
                                          CLERK
        Defendants                    U.S. BANKRUPTCY COURT
                                      SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Debtor filed the instant adversary proceeding on December 16, 1999 seeking an injunction against ASUME to cease collection of past due child support payments obtained through a wage garnishment order issued by the Superior Court of Puerto Rico, Caguas Part. The order directs debtor's employer to deduct the amount of $600.00 per month, $50.00 to cover arrears and $550.00 for current payments. At the pretrial held on April 26, 2000 the Court entered default against all defendants as the complaint had not been answered and stated that an opinion would follow.

Plaintiff filed certificates of service of summons and complaint for all defendants except for the Honorable Rita L. Pruetzel. All defendants are sued in their official capacity and damages are not requested. The request is one for injunctive

relief to cease the deductions and to reimburse the deductions made after the filing of the petition.

The record of the adversary proceeding and the bankruptcy case show that the relevant facts to the controversy are uncontested. Thus, the issue hinges on the applicable law. That is, whether a wage garnishment order by the Superior Court of Puerto Rico for past due child support payments entered after the filing of a petition under Chapter 13 of the Bankruptcy Code should be set aside and the wage garnishment ordered thereat enjoined. For the reasons that follow, the Court finds that the order should be deemed null and void and ASUME must be enjoined from making any further deductions from debtor's salary.

### Facts

On August 18, 1999 the debtor filed a petition under Chapter 13 of the Bankruptcy Code. Debtor scheduled ASUME as an unsecured priority creditor for the amount of $1,000.00. ASUME was also included in the master address list and was given notice of the filing of the petition, as well as the scheduling of the 341 meeting of creditors and the hearing on confirmation. On October 8, 1999 ASUME issued a certification stating that debtor was in arrears on the child support payments in the amount of $5,140.00. Debtor amended the schedules to conform the listed amount of ASUME's debt to the certified amount. Because ASUME, nor the beneficiary of the support payments filed a claim, the debtor filed a claim on behalf of ASUME for $5,140.00.

On November 9, 1999 the Court entered an order confirming debtor's Chapter 13 Plan. The plan provides for direct current

payments to ASUME. The Chapter 13 plan payment schedule is 60 monthly payments of $150.00, for a base of $9,000.00. There were no objections to the confirmation, no creditor appeared at the hearing on confirmation, and the Chapter 13 trustee had recommended confirmation since the 341 meeting held on September 22, 1999.

Schedule I, CURRENT INCOME OF INDIVIDUAL DEBTOR, discloses that debtor is employed as an Assistant Manager at "Gancho NV" with a gross monthly income of $892.66 and a net monthly income of $758.77. Debtor claims as dependents a 7 year old daughter and a 4 year old son. Schedule J, CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR, shows total projected monthly expenses of $608.77, and a monthly disposable income of $150.00. All of which will be used to fund the sixty month plan. The projected expenses are ridiculously low. For example, debtor does not project any expenses for the following items: rent or home mortgage payment, utilities, insurance, taxes, and automobile expenses. Also, the monthly food expense is projected at only $50.00. This apparent underestimation of expenses and overestimation of disposable income is taken as a show of good faith in proposing the Chapter 13 Plan. Specially, in light of the fact that, after debtor filed a priority claim for ASUME for the certified arrears, substantially all disbursement will go to ASUME.

### Conclusions of Law

The Bankruptcy Reform Act of 1994 clearly intended to protect recipients of alimony and support payments based on

previously obtained awards. Some examples are the priority afforded by 11 USC 507[a][7] and the exceptions to the dischargeability of debts under 11 USC 523[a][5,15]. <u>Macy v. Macy</u>, 114 F.3d 1 (1st Cir. 1997). Notwithstanding, the interaction of family and bankruptcy law frequently results in a clash on account of their different goals. Judith K. Fitzgerald and Ramona M. Arena, <u>Bankruptcy and Divorce</u>, Wiley Law Publications, Second Edition, § 1.1. This Court is conscious of the principle that while the bankruptcy courts have jurisdiction over property of the estate, state law determines what is property of the estate. Thus, it gives deference to determinations by the courts of the Commonwealth of Puerto Rico in this area. However, the issue before the Court is one of federal bankruptcy law. See <u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 112 S.Ct. 2206 (1992).

Pursuant to 11 USC 541 [a] and 11 USC 1306, property of the estate of a Chapter 13 debtor includes post-petition earnings. Upon confirmation of the Chapter 13 plan, the debtor remains in possession of all property of the estate, unless the confirmation order specifies otherwise. 11 USC 1306 [b]. In this case the order confirming plan does not provide for such exception. Thus, all earnings are property of the estate.

The commencement of a bankruptcy case automatically triggers an "Automatic Stay" of all actions against property of the estate. 11 USC 362 [a]. <u>In re Nelson</u>, 994 F.2d 42 (1st Cir 1993). The Bankruptcy Reform Act of 1994 provided exceptions to the automatic stay provisions for the commencement or continuation for the establishment of paternity, or the

establishment or modification of an order for alimony, maintenance or support; and of the collection of alimony, maintenance, or support from property that is not property of the estate. 11 USC 362[b][2]. The order by the Superior Court of Puerto Rico garnishing debtor's wages was one directly against property of the estate and in violation of the automatic stay provisions of section 362[a] of the Bankruptcy Code. The uncontested facts do not show that the action comes within the exceptions in section 362[b][2]. Therefore, the order is null and void. <u>In re Soares</u>, 107 F. 3d 969,976 (1st Cir 1997).

## Conclusion

In view of the foregoing, the wage garnishment order entered by the Superior Court of Puerto Rico, Caguas Part, after the filing of the petition and against property of the estate is declared null and void. Consequently, all monies garnished by ASUME after the filing of the petition shall be turned over to the debtor, who, in turn will cure any and all arrears with the Chapter 13 Trustee within ten days of receipt of the same.

**SO ORDERED.**

San Juan, Puerto Rico, this 5th day of October, 2000.

_____
**ENRIQUE S. LAMOUTTE**
U.S. Bankruptcy Judge